(91 South. 825)

No. 23910.

**OURY v. BOARD OF ALDERMEN OF CITY OF GRETNA et al.**

(April 24, 1922.)

*(Syllabus by Editorial Staff.)*

Eminent domain ⬤⇒300—Expropriation; estimate of freeholders of value of property taken adopted in absence of good reason for not adopting it.

In the absence of any good reason why the estimate by freeholders appointed by a town and parish to value property taken for a road and drainage canal should not be adopted, it will be adopted instead of fixing the compensation on the basis of the assessment for taxation at a less amount.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; John E. Fleury, Judge.

Suit by Joseph Oury against the Board of Aldermen of the City of Gretna and others. From a judgment in his favor for an insufficient amount, plaintiff appeals. Amended and affirmed.

Merrick & Schwarz and W. J. Guste, all of New Orleans, for appellant.

A. T. Higgins, of New Orleans, for appellee city of Gretna.

C. A. Buchler, Sp. Counsel, of Gretna, for appellee police jury, parish of Jefferson.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

PROVOSTY, C. J. A considerable swamp area included within the corporate limits of the town of Gretna on the other side of the river from this city is subdivided into streets and squares on the map of the town, but was uncultivable and uninhabitable, for lack of drainage, until the construction of the road and canal the construction of which has given rise to the present suit. Three of the said squares are traversed diagonally by said road and canal, and this suit is brought for the damages alleged to have been caused thereby to the property. The remainder of the property, with the canal and road traversing it, is shown by the evidence to be more valuable than the entire property has been heretofore, or would be without this improvement. However, the parish of Jefferson and the town of Gretna who had this work done are willing to compensate plaintiff for the area taken by the improvement, and to fix this compensation on the basis of the assessment for taxation, which is the highest estimate of the value of the squares in the record.

Basing himself upon this valuation and upon the testimony of an engineer, witness for plaintiff, as to the area taken, the learn-

ed trial judge arrived at the figure of $460, and gave plaintiff judgment accordingly. But we find that freeholders appointed by defendants to value the property agreed upon an estimate of $570.91; and we can see no good reason why the latter estimate should not be adopted.

The plaintiff sued out an injunction to prevent the prosecution of the work; but, as we understand, the work has been finished and is now in service; so that the injunction must have fallen by the wayside.

The judgment appealed from is increased to $570.91, and, as thus amended, is affirmed; defendant to pay the costs of this appeal.